MICHAEL R. SCOLNICK (MS9984)
**Michael R. Scolnick, P.C.**
175 Burrows Lane
Blauvelt, New York 10913
Telephone: 845-354-9339
Fax: 845-365-1506
*Attorneys for the Plaintiff*

**08 CIV. 5986**

JUDGE CONNER

PLAINTIFF DEMANDS A
TRIAL BY JURY

## United States District Court

Southern District of New York

DENNIS J. McGOWAN
            Plaintiff,

        -against-

VILLAGE of SUFFERN, CLARKE OSBORNE, Chief of the
Village of Suffern Police Department, SGT. JOHN M.
BONKOSKI , SGT. DAVID TARANTINO, P.O. JOHN J.
McGEE, P.O. CRAIG E. YUSTEIN and P.O. RICHARD L.
MARSH,

            Defendants,

Civil Action No_____
COMPLAINT FOR
DAMAGES-
False Arrest; Malicious
Prosecution; Assault; Battery
42 U.S.C. 1983, 1985
4th, 5th, 8th and 14th Amendments



### PRELIMINARY STATEMENT

1.      This is an action for monetary damages (compensatory only) against the VILLAGE OF

SUFFERN, NEW YORK (hereinafter VILLAGE), and (compensatory and punitive) against

CLARKE OSBORNE, Chief of the Village of Suffern Police Department (hereinafter

OSBORNE), individually and as a supervisory employee of defendants, SGT. JOHN

BONKOSKI (hereinafter BONKOSKI), SGT. DAVID TARANTINO, (hereinafter

TARANTINO), P.O. JOHN J. McGEE (hereinafter McGEE) P.O. CRAIG E. YUSTEIN

(hereinafter YUSTEIN) and P.O. RICHARD L. MARSH (hereinafter MARSH) police officers of

defendant VILLAGE.

2.      On February 2, 2006, at approximately 9:19 p.m., officers BONKOSKI, TARANTINO,

McGEE, YUSTEIN and MARSH, officers of the Village of Suffern Police Department, and of

defendant VILLAGE, and OSBORNE, as a supervisory employee of defendant VILLAGE, all

individually, and as agents, servants and/or employees of defendants, acting in concert, under

color of state laws, intentionally and wilfully subjected plaintiff to, *inter alia*, false arrest, false

imprisonment, detention, assault, battery, filing of false reports and malicious prosecution for

acts of which plaintiff was innocent, and so violated plaintiffs state and federal constitutional

rights.

**JURISDICTION**

3.      This action is brought pursuant to 28 U.S.C. Section 1331, 1343, and 1367(a), 42 U.S.C.

Sections 1983 and 1985, the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution

of the United States, and under the Constitution, statutes and common law of the State of New York.

Pendent jurisdiction, pendent party jurisdiction and supplementary jurisdiction over plaintiff's state

law claims is asserted.

4.      Venue is laid within the United States District Court for the Southern District of New York

in that the defendant VILLAGE  is located within, and a substantial part of the events giving rise to

the claim occurred within, the boundaries of the Southern District of New York.


**PARTIES**

5.      Plaintiff,  DENNIS McGOWAN was and is a citizen of the United States and at all times

relevant hereto resided in the County of Rockland, and State of New York. Defendant VILLAGE was

at all times relevant hereto, a municipal corporation, and a subdivision of the State of New York,

organized and existing pursuant to the Constitution and the laws of the State of New York.

6.      The Village of Suffern Police Department was at all times relevant hereto, a subdivision, department or agency of Defendant VILLAGE.

7.      The arresting officers, defendants BONKOSKI, TARANTINO, McGEE, YUSTEIN and MARSH, and defendant OSBORNE were, at all times relevant hereto, employees of the Village of Suffern Police Department duly appointed and acting as police officers in the and of Defendant VILLAGE, and were agents, servants and/or employees of defendant VILLAGE, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer.

8.      Defendant OSBORNE, is and was, at all times relevant hereto, a supervisory employee of, and an agent, servant and/or employee of Defendant VILLAGE, acting in the course and scope of his employment as such and in furtherance of the interests and business of his said employer, and otherwise performed and engaged in conduct incidental to the performance of its functions in the course of his duties. OSBORNE is sued individually and in his supervisory capacity.

9.      At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant VILLAGE and the State of New York.

## NOTICE OF CLAIM

10.     Following the successful termination of the prosecution of plaintiff arising from this incident and within the time allowed to commence an action under the State law claim, plaintiff served written Notice of Claim upon Defendant VILLAGE.

11.     A municipal hearing pursuant to the provisions of the General Municipal Law 50-h of the State of New York was held on May 18, 2007. This matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

12.     On January 29, 2006 at approximately 11:30 p.m. defendant YUSTEIN came to the premises known as and located at 32 Bon Aire Circle in Suffern, New York to take a Domestic Incident Report from a female named Lee Jones, accusing plaintiff McGOWAN of harassment in the second degree PL 240.26.

13.     Three days later, on February 2, 2006, at approximately 9:00a.m., plaintiff McGOWAN received a telephone call from defendant McGEE, of the Village of Suffern Police Department, informing plaintiff that a charge had been filed against him for harassment and requesting that he come to the police station to surrender his off-duty weapon and be charged.

14.     Plaintiff McGOWAN, accompanied by an acquaintance, Jo Pat Dunn, on February 2, 2006, at approximately 10:00 a.m., met with defendant McGEE, filled out paperwork, surrendered his off-duty weapon and appeared before Judge Byrne, Village Justice of the Village of Suffern, at approximately 11:15 a.m.

15.     Defendant YUSTEIN, on February 2, 2006 (after Plaintiff McGOWAN had appeared before Judge Byrne) amended   Lee Jones' complaint, adding an addendum to include the allegation that McGOWAN possessed a dismantled Walther PPK firearm which was allegedly kept in a hall closet in plaintiff's apartment, and was allegedly used in a homicide.

16.     Thereafter, Plaintiff McGOWAN, Ms. Dunn and McGEE returned to the Suffern Police station to complete additional paperwork.

17.     Thereupon, defendant BONKOSKI began to badger plaintiff McGOWAN regarding plaintiff's alleged possession of a dismantled Walther PPK, and was demanding permission to search plaintiff's home without a warrant.

18.     Plaintiff McGOWAN stated that they could search only the aforementioned closet. Defendant

BONKOSKI continued to insist that he be given permission for plaintiff's whole apartment or BONKOSKI would obtain a search warrant. McGOWAN stated that he would consult with his attorney before granting permission.

19.    McGOWAN and Dunn then left the police station. Upon returning home, at approximately 11:45 a.m. plaintiff received another call from defendant McGEE requesting that plaintiff return to the police station and exchange additional paperwork. Plaintiff yet again complied.

20.    Upon returning home from the police station, plaintiff and Dunn went for a drive.

21.    Plaintiff had no sooner entered his home, upon returning home for the third time, when yet another phone call came in from the police station. This call was from defendant TARANTINO demanding entrance and permission to search his apartment, again under the threat of obtaining a search warrant.

22.    Out of frustration on account of the badgering, plaintiff agreed to the search, and, literally within minutes, defendants BONKOSKI and MARSH were at plaintiff's back door demanding entrance while also failing and refusing to show identification, and, of course, without displaying or possessing any warrant to search the premises.

23.    When plaintiff demanded identification, defendants BONKOSKI and MARSH forced past plaintiff, told him he was under arrest and began to brutally assault plaintiff,  punching him and kicking him repeatedly until he was dazed, collapsed, and could not speak or breathe.

24.    BONKOSKI and MARSH then dragged plaintiff out of his home toward a police car where they threw plaintiff face first onto the concrete where he fell into unconsciousness.

25.    Plaintiff McGOWAN was then left unconscious on a sidewalk, unattended to by the Ramapo Ambulance Corps, which had arrived, while defendant BONKOSKI searched plaintiff's home, finding no contraband, no Walther PPK pistol or any part or parts thereof.

26.    After BONKOSKI exited the plaintiff's home empty handed, plaintiff was transported by Ramapo Ambulance Corps to Good Samaritan Hospital, where he remained unconscious for a period of time.

27.    Defendants BONKOSKI, and MARSH with no arrest warrant, and solely because McGOWAN requested the proper identification from people claiming to be officers, burst into McGOWAN's home, and physically attacked McGOWAN.

28.    Defendants BONKOSKI, and MARSH created a violent confrontation where they battered, assaulted, and repeatedly kicked McGOWAN.

29.    Then, without probable cause, defendants BONKOSKI, and MARSH arrested the unconscious McGOWAN for a supposed "criminal possession of a weapon in the fourth degree" **after they failed to produce** the "dismantled Walther PPK" and arrested him as well for a so-called "resisting arrest."

30.    Without reasonable or just cause or suspicion, the agents, servants and/or employees of the VILLAGE, including, but not limited to, defendants BONKOSKI, MARSH, TARANTINO, McGEE, and YUSTEIN did in fact wrongfully, unlawfully, unconstitutionally, knowingly and maliciously single out, harass, gain unlawful access to the property of, threaten, assault, batter and detain plaintiff DENNIS McGOWAN against his will.

31.    Upon information and belief, police officers defendants BONKOSKI, MARSH TARANTINO, McGEE, and YUSTEIN, employees of defendant VILLAGE, wrongfully and improperly entered plaintiff's premises and home, without permission and without lawful authority or process.

32.    Upon information and belief, police officers defendants BONKOSKI, MARSH TARANTINO, McGEE, And YUSTEIN, employees of defendant VILLAGE, wrongfully and

improperly stopped, detained and arrested plaintiff DENNIS McGOWAN in regard to a crime which had nothing to do with plaintiff, or in fact, which they had probable cause to believe had even been committed.

33.    Upon information and belief, defendants BONKOSKI, MARSH TARANTINO, McGEE, And YUSTEIN, employees of defendant VILLAGE, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative behaviors and procedures, stopped, detained, and arrested plaintiff DENNIS McGOWAN when it was not right, just, lawful, proper, or necessary to do so.

34.    Upon information and belief, and without proof that plaintiff DENNIS McGOWAN was in any way connected or related to a crime, or in fact, that any crime was, in fact, committed, and without just cause wrongfully and unlawfully entered plaintiff's premises, and without reasonable suspicion to stop him, nor probable cause to detain or arrest him, defendant VILLAGE's employees, including defendants BONKOSKI, MARSH, TARANTINO, McGEE, And YUSTEIN, individually and acting in concert, knowingly, unlawfully and wrongfully fabricated charges against the plaintiff and set them forth in a false and fabricated criminal complaint, falsely sworn to by defendants McGEE and MARSH on February 2, 2006. A copy of the false and fraudulent complaints are annexed hereto as Exhibit A, and is made a part hereof with the same force and effect as if it were fully set forth here at length.

35.    The criminal complaint, Exhibit A, was and is false and fraudulent in alleging that plaintiff DENNIS McGOWAN committed PL 265.01, criminal possession of a weapon in the fourth degree, PL205.30, resisting arrest, and in alleging the facts therein set forth alleged to constitute those charges.

36.    Based upon the false criminal complaints prepared, upon information and belief, by the

VILLAGE's employees, defendants BONKOSKI, MARSH, TARANTINO, McGEE, And YUSTEIN, and signed by defendant McGEE, the Suffern Justice Court arraigned plaintiff DENNIS McGOWAN on the above charge.

37.     On February 2, 2006, employees of defendant VILLAGE, including BONKOSKI, MARSH, TARANTINO, McGEE, And YUSTEIN, acting in concert, maliciously and with intent to injure plaintiff DENNIS McGOWAN, and without just cause or any right to do so, assaulted him, battered him, handcuffed him and jailed and detained him, and restrained him of his liberty, against the will of the plaintiff.

38.     The arrest of the plaintiff by defendants BONKOSKI, MARSH, TARANTINO, McGEE, And YUSTEIN was perpetrated by them without a warrant or other legal process and without probable cause.

39.     Defendants BONKOSKI, MARSH, TARANTINO, McGEE, and YUSTEIN and defendant VILLAGE acted maliciously and intentionally.

40.     Plaintiff was thereupon and thereafter detained and restrained of his liberty and freedom, on account of the unlawful and wrongful acts of the defendants. Eventually, the plaintiff was released from such confinement and detention.

41.     Thereafter the plaintiff was forced to return to court on multiple occasions, over a period of about eight months, appearing in public, and before the public, as a defendant, a person accused of criminal acts, acts of which the plaintiff was not guilty.

42.     On account of the events herein alleged, plaintiff was ejected from organizations that were important to him.

43.     The charges against plaintiff DENNIS McGOWAN were disposed of, in his favor, by being dismissed by order of the Village of Suffern Justice Court dated October 18, 2006.

44.    As a direct and proximate result of the acts of the defendants, plaintiff suffered severe and permanent damages including, but not limited to: Violation of his constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person, embarrassment, humiliation, loss of liberty, emotional distress and mental anguish, physical pain, physical suffering, monetary loss, and loss of significant membership in organizations important to plaintiff's quality of life.

45.    The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiff:

a. Freedom from the unreasonable seizure of his person.

b. Freedom from unlawful entry and search of his home, without permission, and without a warrant or just and probable cause.

c. Freedom from the use of excessive, unreasonable and unjustified force against a person.

d. Freedom from prosecution without just and probable cause and with malice;

### FIRST COUNT
### (42 U.S.C. SECTIONS 1983 and 1985
### AGAINST INDIVIDUAL DEFENDANTS)

46.    Paragraphs 1 through 45 are incorporated herein by reference.

47.    Defendants BONKOSKI, MARSH, TARANTINO, McGEE, and YUSTEIN, acting in concert and under the color of state law, have deprived plaintiff DENNIS McGOWAN of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. Sections 1983 and 1985.

48.    As a result, plaintiff DENNIS McGOWAN claims damages for the injuries set forth above.

## SECOND COUNT
### (ASSAULT AGAINST INDIVIDUAL DEFENDANTS)

49.    Paragraphs 1 through 48 are incorporated herein by reference.

50.    Upon approaching plaintiff DENNIS McGOWAN and assaulting, battering him and cuffing and arresting him, defendants BONKOSKI, MARSH, TARANTINO, McGEE, and YUSTEIN, acting in concert, made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

51.    As a result of that assault, plaintiff DENNIS McGOWAN claims damages for the injuries set forth above.

## THIRD COUNT
### (BATTERY AGAINST INDIVIDUAL DEFENDANTS )

52.    Paragraphs 1 through 51 are incorporated herein by reference.

53.    Defendants  BONKOSKI and MARSH, acting in concert, placed hands on plaintiff DENNIS McGOWAN, beat and kicked plaintiff into unconsciousness and handcuffed him resulting in the injuries depicted in the 11 photographs annexed hereto as Exhibit B and incorporated herein with the same force and effect as though fully set forth at length herein.

54.    As a result of the battery, plaintiff DENNIS McGOWAN claims damages for the injuries set forth above, including but not limited to, those so depicted in Exhibit B.

## FOURTH COUNT
### (MALICIOUS PROSECUTION
### AGAINST INDIVIDUAL DEFENDANTS)

55.    Paragraphs 1 through 54 are incorporated herein by reference.

56.    The defendants, BONKOSKI, MARSH, TARANTINO, McGEE, and YUSTEIN acting in concert, knowingly, intentionally, and maliciously caused a false criminal accusatory instrument

to be filed against plaintiff DENNIS McGOWAN.

57.     As a result of the malicious prosecution implemented by defendants BONKOSKI, MARSH, TARANTINO, McGEE, and YUSTEIN plaintiff DENNIS McGOWAN claims damages for the injuries set forth above.

### FIFTH COUNT
### (FALSE ARREST & IMPRISONMENT
### AGAINST INDIVIDUAL DEFENDANTS)

58.     Paragraphs 1 through 57 are incorporated herein by reference.

59.     Defendants BONKOSKI, MARSH, TARANTINO, McGEE, and YUSTEIN subjected plaintiff DENNIS McGOWAN to false arrest, imprisonment, and deprivation of liberty without probable cause.

60.     As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff DENNIS McGOWAN claims damages for the injuries set forth above.

### SIXTH COUNT
### (MUNICIPAL LIABILITY AGAINST DEFENDANT
### - *RESPONDEAT SUPERIOR*)

61.     Paragraphs 1 through 60 are incorporated herein by reference.

62.     Defendants VILLAGE and OSBORNE are liable for the damages suffered by the plaintiff DENNIS McGOWAN as a result of the conduct of their agents, servants and employees, under the doctrine of *respondeat superior*.

63.     Defendant VILLAGE, by its agents, servants and employees, subjected plaintiff DENNIS McGOWAN to false arrest, assault, battery, false imprisonment, malicious prosecution, embarrassment, shame and public humiliation, loss of money, and the threat of loss of employment.

64.    As a result plaintiff DENNIS McGOWAN claims damages against defendants VILLAGE and OSBORNE for the injuries set forth above.

## SIXTH COUNT
### (MUNICIPAL LIABILITY AGAINST DEFENDANT
### 42 U.S.C. SECTION 1983)

65.    Paragraphs 1 through 64 are incorporated herein by reference.

66.    Defendants VILLAGE and OSBORNE knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

67.    Prior to February 2, 2006, defendants VILLAGE and OSBORNE developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the Village of Suffern, which policies and/or customs caused the violation of plaintiff DENNIS McGOWAN's rights.

68.    Upon information and belief, it was the policy and/or custom of defendants VILLAGE and OSBORNE to improperly and inadequately investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by defendant , including, but not limited to incidents where defendants BONKOSKI, MARSH, TARANTINO, McGEE, and YUSTEIN and their supervisors have in the past falsely arrested individuals without probable cause, improperly held and/or detained such individuals without probable cause, and made, and allowed other fellow police officers and others of its employees to make, false entries in official police department records, and to issue false and fraudulent criminal complaints and accusatory instruments, to cover up and hide their wrongful conduct.

69.    It was the policy and/or custom of defendants VILLAGE and OSBORNE to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the

individual defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

70.    They did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

71.    As a result of the above described policies and/or customs, police officers of the VILLAGE, subordinates of OSBORNE, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

72.    The above policies and/or customs demonstrated a deliberate indifference on the part of policymakers of the Village of SUFFERN to the constitutional rights of persons within the Village of SUFFERN, and were the cause of the violations of plaintiff's rights alleged herein.

73.    As a result of the wrongful, deliberately indifferent and illegal acts of defendants VILLAGE and OSBORNE, plaintiff DENNIS McGOWAN claims damages against those defendants  for the injuries set forth above.

**WHEREFORE,** plaintiff demands judgment against the defendants, jointly and severally for compensatory damages on each Cause of Action; for punitive damages on each Cause of Action (except as agains defendant VILLAGE); awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Blauvelt, New York
This ϡ̣͜o day of June, 2008

**Michael R. Scolnick, P.C.**

By: _____

Michael R. Scolnick       MS9984
Attorneys for plaintiff
175 Burrows Lane,
Blauvelt, New York 10913
Phone: (845) 354-9339
Fax:(845) 365-1506
E-Mail: Scollaw@optonline.net

## ** MISDEMEANOR INFORMATION **

### THE PEOPLE OF THE STATE OF NEW YORK
against

DEFENDANT(S): DENNIS J MCGOWAN DOB: 01/06/1937 (69)
7 MILFORD LA APT 7100
SUFFERN, NY 10901

PTL JOHN J MCGEE, Shield 126, being duly sworn, deposes and says that he is a member of the Suffern Police Department, County of ROCKLAND, New York and that on the 2 day of February, 2006, at about 9:55AM at 61 WASHINGTON AVE SUFFERN in the County of ROCKLAND, New York.

CRIMINAL POSSESSION OF A WEAPON 4TH DEGREE (CLASS A MISDEMEANOR)

THE DEFENDANT(S) DID VIOLATE SECTION 265.01 SUBDIVISION 1 OF THE PENAL LAW OF THE STATE OF NEW YORK, IN THAT AT THE TIME AND PLACE AFORESAID, THE SAID DEFENDANT(S) DID KNOWINGLY POSSESS ANY FIREARM, ELECTRONIC DART GUN, ELECTRONIC STUN GUN, GRAVITY KNIFE, SWITCHBLADE KNIFE, PILUM BALLISTIC KNIFE, CANE SWORD, BILLY, BLACKJACK, BLUDGEON, METAL KNUCKLES, CHUKA STICK, SAND BAG, SANDCLUB, WRIST-BRACE TYPE SLINGSHOT OR SLUNGSHOT, SHIRKEN OR 'KUNG FU STAR', TO WIT; Defendant was in possession of a 38 caliber Smith & Wesson revolver bearing serial # 510686 which does belong to him. Weapon was being turned into the Suffern Police Department per court order. Complainant inquiry with Rockland County Pistol Clerk showed the defendant did not have a pistol permit. Defendant said he possesses weapon as a retired police officer under HR 218 which the defendant showed me a copy of. Defendant has not complied with requirements of HR 218 to possess a firearm and was subsequently charged.

Any false statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law.

Dated: 2/2/06

Signed: _____

Certificate of Disposition New York Courts    FORM NO. 228    © COPYRIGHT 10/87
WILLIAMSON LAW BOOK COMPANY, VICTOR, NY 14564

**STATE OF NEW YORK**
**COUNTY OF** ROCKLAND
**COURT** SUFFERN VILLAGE

**THE PEOPLE OF THE STATE OF NEW YORK**

vs.

*Defendant(s)*

DENNIS J. MCGOWAN

DOB: 1/6/1937

$\mathfrak{Certificate\ of}$
$\mathfrak{Disposition}$
DOCKET NO. CR-4063

*I certify that the above named defendant having appeared before this Court charged with the* *offense(s) of* CRIMINAL POSSESSION WEAPON 4°; RESISTING ARREST ON 2/2/2006 _____,

*in violation of section(s)* 265.01-1; 205.30 *of the* PENAL _____ *Law of the State of New York,* *and a proper request for official statement of disposition having been received, this is to certify that the* *charge(s) aforesaid were, on the* 18TH *day of* OCTOBER _____, 2006, *disposed of by:*

DISMISSED.

~~XXXXXXXXXXXXXXXXXXXXXXXXXXXX~~

DATED:    SUFFERN, NEW YORK
          JUNE 6, 2007

~~Judge~~/ Clerk
CHRISTINE ANDERSEN

*NOTE: A copy of the request should be filed with this certificate in the court's records of the* *case.*

*CAUTION: This information must not be divulged where a seal order under CPL § 160.50 has* *issued or where the defendant has been adjudicated a youthful offender.*

Copies should be sent to the following:_____Court,_____Defendant,_____Agency,_____District Attorney

**New York State ARREST REPORT**

| | |
|---|---|
| 1. NYSID No. | |
| 2. OBTS No. | |
| 3. Case No. SP-00104-06 | |
| 4. Ref No. | |
| 5. FBI No. | |
| 6. Arrest No. SP-00037-06 | |
| 7. Agency Suffern Police Department | |
| 8. Division/Precinct SPD | |

## DEFENDANT INFORMATION

9. Name (Last, First, Middle): MCGOWAN DENNIS J
10. Alias/Maiden Name (Last, First, Middle):
11. Phone Number: (845) 357-5132

12. Street Number and Name, Building No., Apt.No.: 7 MILFORD LA APT 7100
13. City, State, Zip (C ☐ T ☐ V ☒): SUFFERN NY 10901
14. Residence: ☒ Resident ☐ Foreign Non-Res ☐ Non-Resident ☐ Unk
15. Place of Birth

16. Date of Birth: 01/06/1937
17. Age: 69
18. Sex: ☒ M ☐ F ☐ U
19. Race: ☒ White ☐ Black ☐ Asian ☐ Indian ☐ Other ☐ Unknown
20. Ethnic: ☒ Non Hispanic ☐ Hispanic ☐ Unknown
21. Skin: ☐ Light ☐ Medium ☐ Dark ☐ Other ☐ Unknown

22. Height: 601
23. Weight: 165
24. Hair: RED
25. Eyes: BLU
26. Glasses: ☐ Yes ☒ No ☐ Contacts
27. Build: ☐ Small ☒ Med ☐ Large
28. Marital Status: ☐ Comm Law ☐ Married ☐ Single ☐ Divorced ☐ Widowed ☐ Separated ☐ Unk
29. U.S. Citizen: ☒ Yes ☐ No ☐ Unknown
30. Citizen Of

31. Social Security No.: 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
32. Education
33. Religion: CATHOLIC
34. Occupation
35. Employed: ☒ Yes ☐ No
36. Scars/Marks/Tattoos (Describe)

## ARREST INFORMATION

37. Arresting Officer: MARSH
38. ID No.: 143
39. Assisting Officer: BONKOSKI
40. ID No.: 127
41. Arrest Date: 02/02/2006
42. Time: 13:44
43. Location of Arrest (C ☐ T ☐ V ☒): 7 MILFORD LN SUFFERN

44. Juvenile: ☐ Juv-No Futher Process ☐ Yes ☒ No
45. Condition of Defendant At Arrest: ☐ Impaired Drugs ☐ Impaired Alco ☐ Mental Dis ☐ Ini/Ill ☒ App Norm
46. Weapon(s) at Arrest
47. Co-defendants Arrest No.

48. Miranda: ☐ Yes ☒ No
49. Miranda By
50. Miranda Date
51. Mir. Time
52. Statements: ☐ Written ☐ None ☐ Verbal
53. Status: ☒ Bail/ROR ☐ Parole ☐ Probation
54. Search Warrant: ☐ Yes ☒ No
55. ID Procedure: ☐ Line Up ☐ None ☐ Show Up ☐ Photo

56. Arraignment Court: SUFFERN JUSTICE
57. Arraignment Judge: MATTHEW BYRNE
58. Date: 02/07/2006
59. Time: 13:44
60. Property: ☒ Yes ☐ No
61. Evidence: ☐ Yes ☒ No
61a. Processed By: MCGEE
61b. Disposition

62. Incident No.: SP-000636-06
63. Arrestee Status: ☒ ROR ☐ Cash Bail ☐ Bail Bond ☐ Police Bail ☐ App Tkt ☐ Held ☐ Rel to 3rd Party
64. Bail Amount: 0.00
65. Bondsman
66. Photo No.

67. Arrest Type: ☐ PW ☐ IW ☐ SUM ☒ CIP ☐ COMP ☐ OP ☐ FC ☐ VOP ☐ BW ☐ AW ☐ OT
68. Warrant No.
69. Arrest FOA: ☐ Yes ☒ No
70. Other Agency
71. F/P/Taken: ☐ Yes ☒ No

72. Location of Offense (C ☐ T ☐ V ☒): 7 MILFORD LN SUFFERN NY ROCKLAND
73. Offense Date: 02/02/2006
74. #Offn'drs: 0
75. # Vict.: 0
76. Return Court: SUFFERN JUSTICE
77. Return Judge: MATTHEW BYRNE
78. Return Date: 02/07/2006
79. Time: 14:00

80. Defendant/Case TOT Agency
80a. Officer's Name
80b. ID No
81. Time
82. Date: / /

## CHARGE INFORMATION

| 83. Law | Article & Section | SUB | CL | CAT | DEG | ATT | NAME OF OFFENSE | CTS | NCIC Code | Age | VICTIMS Sex Handicm | ASSOC. NO. | TYPE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PL | 205.30 | - | A | M | | N | RESISTING ARREST | 4 | 8 0 1 | | | NO | ☐ APP ☐ UTT ☐ OTH |
| PL | 265.01 | -1 | A | M | 4 | N | POSS WEAPON 4 | 5 | 2 1 2 | | | NO | ☐ APP ☐ UTT ☐ OTH |
| | | | | | | | | | | | | | ☐ APP ☐ UTT ☐ OTH |
| | | | | | | | | | | | | | ☐ APP ☐ UTT ☐ OTH |
| | | | | | | | | | | | | | ☐ APP ☐ UTT ☐ OTH |
| | | | | | | | | | | | | | ☐ APP ☐ UTT ☐ OTH |

## ASSOCIATED PERSONS INFORMATION

84. Person Type: OT = Other  SP = Spouse  CD = Co - Defendant  SC = School  PO = Parole Officer  VI = Victim  RE = Relative  RP = Religious Person  EM = Employer  CH = Child  PA = Parent  AS = Associate  LA = Lawyer  PR = Probation Officer  WI = Witness  CO = Complainant  DR = Doctor

| TYPE | NAME(LAST, FIRST, MIDDLE, TITLE) | STREET-NAME & NUMBER | CITY/STATE/ZIP | TELEPHONE NO. |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## NARRATIVE

85.

| | |
|---|---|
| 86. Arresting Officer's Signature | 87. ID No. 143 PTL MARSH |
| 88. Supervisor's Signature | 89. ID No. |
| 90. Arrest Made as a Result of A SAFIS Latent Print Identification? ☐ Yes ☐ No ☐ Unknown | 91. |
| 92. | 93. |
| 94. Page 1 of Pages | |

**New York State INCIDENT REPORT**

| 1. Agency | 2. Division/Precinct | 3. ORI | 4. ☐ Orig ☐ Supp | 5. Case No. | 6. Incident No. |
|---|---|---|---|---|---|
| Suffern Police Department | 4 | NY0432900 | | SP-00104-06 | SP-000636-06 |

| 7. Report Day | 8. Date | 9. Report Time | Occurred On/From: | 10. Day | 11. Date | 12. Time | Occurred On/From: | 13. Day | 14. Date | | 15. Time |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Thu | Feb 2 2006 | 13:44 | | Thu | Feb 2 2006 | 13:44 | | Thu | Feb 2 2006 | | 13:44 |

| 16. Incident Type | 17. Business Name | 18. Weapon(s) | A. 02 |
|---|---|---|---|
| ARREST | | REVOLVER | |

| 19. Incident Address (Street No., Street Name, Bldg. No., Apt. No.) | 20. City, State, Zip (☐C ☐T ☐V) | 21. Location Code | B. - |
|---|---|---|---|
| 7 MILFORD LA APT #7100 | SUFFERN | 4429 | |

| 22. OFF. NO. | LAW | SECTION | SUB | CL | CAT | DEG | ATT | NAME OF OFFENSE | CTS | 23. No. of Victims | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PL | 265.01 | -1 | A | M | 4 | O | CRIMINAL POSSESSION OF A WEAPON | 1 | 1 | C. - |
| 2 | PL | 205.30 | | A | M | | O | RESISTING ARREST | 1 | 24. No. of Suspects | |
| 3 | | | | | | | | | | 1 | D. 02 |

| 24. Person Type: CO=Complainant CP=Other PI=Person Interviewed PR=Person Reporting WI=Witness NI=Not Interviewed VI=Victim | | | | 26. Victim also complainant ☐Y ☒N | |
|---|---|---|---|---|---|
| TYPE/NO. | NAME (LAST,FIRST,MIDDLE, TITLE) | Date of Birth | STREET NO., STREET NAME, BLDG.NO., APT. NO., CITY, STATE, ZIP | Telephone No. | |
| | | | | BUS. | F. - |
| | | | | RES. | |
| | | | | BUS. | G. - |
| | | | | RES. | |
| | | | | BUS. | H. - |
| | | | | RES. | |
| | | | | BUS. | I. - |
| | | | | RES. | |

| 27. Date of Birth | 28. Age | 29. Sex ☐M ☐F ☐U | 30. Race ☐White ☐Black ☐Other ☐Indian ☐Asian ☐Unk. | 31. Ethnic ☐Hispanic ☐Non-Hispanic | 32. Handicap ☐Yes ☐No | 33. Residence Status ☐Resident ☐Tourist ☐Commuter ☐Military | Temp.Res.-Foreign Nat... ☐Student ☐Other. ☐Homeless ☐Unk/Not Indicated | J. - |
|---|---|---|---|---|---|---|---|---|
| / / | | | | | | | | |

| 34. Type/No | 35.Name (Last,First,Middle) | 36.Alias/Nickname/Maiden Name (Last,First,Middle) | 37. Apparent Condition ☐Impaired Drugs ☐Mental Dis ☐Unk. ☐Impaired Alco ☐Ini/Ill ☐App Norm. | K. - |
|---|---|---|---|---|
| AR | MCGOWAN DENNIS J | , | | |

| 38.Address (Street No.,Street Name,Bldg.,No., City.,State,Zip) | 39.Phone Res: (845) 357-5132 Bus.: | 40. Social Security No. | L. - |
|---|---|---|---|
| 7 MILFORD LA APT 7100 SUFFERN NY 10901 | | 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 | |

| 41. Date of Birth | 42. Age | 43. Sex ☒M ☐F ☐U | 44. Race ☒White ☐Black ☐Other ☐Indian ☐Asian ☐Unk. | 45. Ethnic ☐Hispanic ☒Non-Hispanic | 46. Skin ☐Light ☐Dark ☐Unk. ☐Medium ☐Other | 47. Occupation | M. - |
|---|---|---|---|---|---|---|---|
| 01/06/1937 | 69 | | | | | | |

| 48.Height | 49. Weight | 50. Hair | 51. Eyes | 52. Glasses ☒Yes ☐No ☐Contacts. | 53. Build ☐Small ☒Medium ☐Large | 54.Employer/School | 55. Address | N. - |
|---|---|---|---|---|---|---|---|---|
| 6 01 | 165 | RED | BLU | | | RETIRED | | |

| 56. Scars/Marks/Tattoos (Describe) | 57. Misc. | |
|---|---|---|
| | | 1 |

| 58. Item/No. Suspect No. | Property Status | Property Type | Quantity Measure | Make or Drug Type | Model | Serial No. | Description | Value | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | 2 |
| SUSP#1 | 06 | 39 | 1 | SMITH&WESSON | 36 | | REVOLVER | | 3 |
| | | | | | | | | | 4 |

| V E H I C L E | 59. Vehicle Status | 60. License Plate No | Full ☐ Partial ☐ | 61. State | 62. Exp. Yr. | 63. Plate Type | 64. Value | 5 |
|---|---|---|---|---|---|---|---|---|
| | 65. Veh. Yr. | 66. Make | 67. Model | | 68. Style | | 69. VIN. | 6 |
| | 70. Color(s) | 71. Towed By: To: | | | | 72. Vehicle Notes | | 7 |

| N A R R A T I V E | 73. MARSE-ON THE ABOVE DATE TIME AND PLACE WHILE ON PATROL THIS OFFICER RECEIVED A | 8 |
|---|---|---|
| | RADIO CALL TO REPORT TO THE ABOVE ADDRESS TO ASSIST SGT. BONKOWSKI. UPON ARRIVAL | 9 |
| | THIS OFFICER WAS ADVISED THAT THE ABOVE NAMED DEFENDANT WAS GOING TO BE PLACED | |
| | UNDER ARREST FOR CRIMINAL POSSESSION OF A WEAPON AND MAY POSSIBLY HAVE ANOTHER | 9 |
| | WEAPON IN THE RESIDENCE. UPON KNOCKING ON THE DOOR A FEMALE ANSWERED THE DOOR | 10 |
| | SGT. BONKOWSKI IDENTIFIED HIMSELF AS SUCH FROM SUFFERN POLICE DEPARTMENT AND | 11 |
| | ASKED TO SPEAK TO THE DEFENDANT. WHEN THE DEFENDANT CAME TO THE DOOR HE WAS | |
| | ADDRESSED BY SGT. BONKOSKI AS SUCH FROM THE SUFFERN POLICE DEPARTMENT AND THAT | 12 |
| | HE WAS UNDER ARREST FOR THE AFOREMENTIONED CRIME. THE DEFENDANT IMMEDIATELY | |
| | BECAME IRATE AND BEGAN YELLING, THIS OFFICER APPROACHED THE DEFENDANT IN ATTEMPT | 13 |
| | TO PLACE SAID UNDER ARREST. THE DEFENDANT PULLED HIS ARM OUT OF MY HANDS AND | |
| | STARTED OF TO THE REAR OF THE APARTMENT. DUE TO THE POSSIBILITY OF ANOTHER HAND | 13 |

| 74. Inquiries (Check all that apply) ☐DMV ☐Want/Warrant. ☐Scofflaw ☒Crim. History ☒Stolen Property ☐Other | 75. NYSPIN Message No. | 76. Complainant Signature | B use cover sheet |
|---|---|---|---|
| 77. Reporting Officer Signature (Include Rank) 126 PTL MCGEE | | 78. ID No | 84. 1 Page of 2 Pages |
| 79. Supervisor's Signature (include Rank) | | 78. ID No | |

| 81. Status ☐Open ☒Closed (if Closed, check box below). ☐Unfounded ☐Vict. Refused to Coop. ☒Arrest ☐Pros. Declined ☐Warrant Advised ☐CBI ☐Juv. - No Custody ☐Arrest-Juv. ☐Offender Dead. ☐Extrad. Declin ☐Unknown | 82. Status Date Feb 2 2006 | 83. Notified/TOT |
|---|---|---|

Case 7:08-cv-05986-WCC    Document 1    Filed 07/01/2008    Page 19 of 27

**Suffern Police Department**
**INCIDENT REPORT (continuation page)**

INCIDENT No.: SP-00104-06                          BLOTTER/CC No.: SP-000636-06

==========================================================================
### ADDITIONAL NARRATIVE
==========================================================================

GUN BEING IN THE APARTMENT AND THE DEFENDANTS VIOLENT BEHAVIOR THIS OFFICER
GRABBED THE DEFENDANT AND TOOK HIM TO THE GROUND FOR HIS SAFETY AND OURS. ONCE
TO THE GROUND THE DEFENDANT WAS TOLD NUMEROUS TIME TO COMPLY AND TO GIVE UP HIS
HANDS WHICH WHERE LOCKED TOGETHER UNDER HIS BODY. THE DEFENDANT ONLY GAVE UP
FIGHTING AND PUT HIS HANDS BEHIND HIS BACK WHEN PRESSURE WAS APPLIED A PRESSURE
POINT IN HIS LEFT THIGH. THE DEFENDANT WAS PLACED IN HANDCUFFS AND MOVED TO THE
CAR WHERE HE WAS COMPLAINING THAT HE WANTED HIS SHOES. ONCE AT THE CAR THE
DEFENDANT BECAME SHORT OF BREATH AND WOULD NOT SIT IN THE REAR SEAT OF MARKED
POLICE UNIT 473. DO TO THE DEFENDANTS  SHORTNESS OF BREATH PARAMEDICS AND
AMBULANCE WHERE CALLED TO THE SCENE. PARAMEDICS ARRIVED AND TOOK VITAL SIGNS AND
REPORTED THAT HE WAS IN AVERAGE CONDITION BUT WOULD BE TRANSPORTED TO THE
HOSPITAL DO TO SHORTNESS OF BREATH. THIS OFFICER FOLLOWED THE AMBULANCE TO THE
HOSPITAL WHERE AN APPEARANCE TICKET WAS ISSUED FOR FEBRUARY 7, 2006 AT 4PM.

Suffern Police Department
61 WASHINGTON AVE
SUFFERN, NY 10901-

---

Entry/CC#: **SP-000636-06**   Date: 02/02/2006   Time: 13:44   Tour:   2 Desk Officer:  **136**

---

Call Type..: **ARREST**                    Priority..:   How Received:  **OFFICER**

Caller.....: ,
Bus. Name..:
Address....:
City/St/Zip: **SUFFERN, NY 10901-**                          Call Back #:

---

Location of Assignment: 7 **MILFORD LA, SUFFERN APT 7100**
Cross Street..........:
Business Name.........:
Description...........: **CRIM POSS WEAPON/RESISTING**
Post:           Officer Assigned:   **143 -MARSH**                  Unit: **473**

---

Dispatched: **Y**  Call Taker:  **SO4**   Disp Date:02/02/2006  Disp Time:13:44      Arv Time:13:44
Disposition...: **ARREST MADE**                                    Comp Time:14:30
Add'l Officers: **127,137**                                Disp to Comp: 0:46
Add'l Units...: **478,475**                                 Rcv'd to Comp: 0:46

---

Vehicle Plate Number:                  State:      Make:
Vin:                    Model:                Color:              Year:

---

ASSOCIATED NUMBERS

Arrest #      :SP-00037-06  Defendant: DENNIS J MCGOWAN  DOB:01/06/1937
Case #        :SP-00104-06  Incident Type: ARREST
Aid Case #    :SP-00044-06  Name: DENNIS J MCGOWAN  DOB:01/06/1937
Property Inv# :SP-01187-06 Name: DENNIS J MCGOWAN

---

PERSONS INVOLVED

Name..........:MCGOWAN, DENNIS J      DOB:01/06/1937
Address.......:7 MILFORD LA
City/State/Zip:SUFFERN, NY 10901
Phone Number..:(914)357-5132
Sex...........:M    Race:WHT
Person Type...:OTHER

---

NARRATIVE

MARSH-ON THE ABOVE DATE TIME AND PLACE WHILE ON PATROL THIS OFFICER
RECEIVED A RADIO CALL TO REPORT TO THE ABOVE ADDRESS TO ASSIST SGT.
BONKOWSKI. UPON ARRIVAL THIS OFFICER WAS ADVISED THAT THE ABOVE NAMED
DEFENDANT WAS GOING TO BE PLACED UNDER ARREST FOR CRIMINAL POSSESSION OF A
WEAPON AND MAY POSSIBLY HAVE ANOTHER WEAPON IN THE RESIDENCE. UPON KNOCKING
ON THE DOOR A FEMALE ANSWERED THE DOOR SGT. BONKOWSKI IDENTIFIED HIMSELF AS
SUCH FROM SUFFERN POLICE DEPARTMENT AND ASKED TO SPEAK TO THE DEFENDANT.
WHEN THE DEFENDANT CAME TO THE DOOR HE WAS ADDRESSED BY SGT. BONKOSKI AS
SUCH FROM THE SUFFERN POLICE DEPARTMENT AND THAT HE WAS UNDER ARREST FOR
THE AFOREMENTIONED CRIME. THE DEFENDANT IMMEDIATELY BECAME IRATE AND BEGAN
YELLING, THIS OFFICER APPROACHED THE DEFENDANT IN ATTEMPT TO PLACE SAID
UNDER ARREST. THE DEFENDANT PULLED HIS ARM OUT OF MY HANDS AND STARTED OF
TO THE REAR OF THE APARTMENT. DUE TO THE POSSIBILITY OF ANOTHER HAND GUN
BEING IN THE APARTMENT AND THE DEFENDANTS VIOLENT BEHAVIOR THIS OFFICER
GRABBED THE DEFENDANT AND TOOK HIM TO THE GROUND FOR HIS SAFETY AND OURS.
ONCE TO THE GROUND THE DEFENDANT WAS TOLD NUMEROUS TIME TO COMPLY AND TO
GIVE UP HIS HANDS WHICH WHERE LOCKED TOGETHER UNDER HIS BODY. THE DEFENDANT
ONLY GAVE UP FIGHTING AND PUT HIS HANDS BEHIND HIS BACK WHEN PRESSURE WAS

Entry/CC#: **SP-000636-06**  Date:**02/02/2006** Time:**13:44**  Tour:    **2** Desk Officer:    **136**  Page:    **2**

APPLIED A PRESSURE POINT IN HIS LEFT THIGH. THE DEFENDANT WAS PLACED IN
HANDCUFFS AND MOVED TO THE CAR WHERE HE WAS COMPLAINING THAT HE WANTED HIS
SHOES. ONCE AT THE CAR THE DEFENDANT BECAME SHORT OF BREATH AND WOULD NOT
SIT IN THE REAR SEAT OF MARKED POLICE UNIT 473. DO TO THE DEFENDANTS
SHORTNESS OF BREATH PARAMEDICS AND AMBULANCE WHERE CALLED TO THE SCENE.
PARAMEDICS ARRIVED AND TOOK VITAL SIGNS AND REPORTED THAT HE WAS IN AVERAGE
CONDITION BUT WOULD BE TRANSPORTED TO THE HOSPITAL DO TO SHORTNESS OF
BREATH. THIS OFFICER FOLLOWED THE AMBULANCE TO THE HOSPITAL WHERE AN
APPEARANCE TICKET WAS ISSUED FOR FEBRUARY 7, 2006 AT 4PM.

Certified by _____          Dated: _____

Approved by _____          Dated: _____

COURT COPY

003899

**APPEARANCE TICKET**
C.P.L. 150.10

VILLAGE COURT, VILLAGE OF SUFFERN
MUNICIPAL BUILDING - 61 WASHINGTON AVENUE
SUFFERN, NEW YORK 10901

YOU ARE HEREBY NOTIFIED TO APPEAR PERSONALLY IN THE

ON _____, 20 06 AT _____ __ M.

TO ANSWER A CHARGE OF _____, AN OFFENSE,

COMMITTED IN CITY/TOWN/VILLAGE OF Suffern , NEW YORK

ON THE ____ DAY OF February 20 06 AT 0755 A. M.

IN VIOLATION OF SECTION 005.01 SUB-DIVISION ____

OF THE _____ LAW OF THE STATE OF NEW YORK.

ISSUED THIS ____ DAY OF February , 20 06

_____
OFFICER'S SIGNATURE

_____
OFFICER'S IDENTIFICATION NO.

UPON YOUR FAILURE TO APPEAR AS ABOVE DIRECTED, A CRIMINAL SUMMONS OR A WARRANT FOR YOUR ARREST MAY BE ISSUED.

---

POLICE DEPARTMENT
VILLAGE OF SUFFERN, NEW YORK

TO

LAST NAME _____ FIRST _____ INITIAL _____

STREET ADDRESS _____

CITY OR TOWN _____ STATE _____ ZIP _____

DATE OF BIRTH 01-06-37

IDENTIFICATION SHOWN _____

**PRE - ARRAIGNMENT BAIL**

PRE - ARRAIGNMENT BAIL IS FIXED IN THE FOLLOWING

AMOUNT _____ RECEIPT WHEREOF
IS HEREBY ACKNOWLEDGED AND THE PERSON ARRESTED HEREIN IS RELEASED
FROM CUSTODY TO APPEAR AS HEREIN DIRECTED

**NOTICE:** IF PROVISION FOR BAIL IS HONORED, OFFICIAL
ACCEPTING BAIL MUST FILL OUT COMPLETE TICK-
ET ONLY AFTER RECEIVING BAIL

AUTHORIZED _____
OFFICER _____
DEPT # _____
RANK _____

UPON YOUR FAILURE TO APPEAR AS HEREIN DIRECTED, THE BAIL POSTED WILL BE FORFEITED

**NOTICE:** DISPOSITION:
UPON YOUR FAILURE TO APPEAR AS

**PRINT ALL ENTRIES**

PM Print Center

SUFFERN BUSINESS...

61 WASHINGTON AVE, SUFFERN, NEW  :  COUNTY OF ROCKLAND

## ** MISDEMEANOR INFORMATION **

THE PEOPLE OF THE STATE OF NEW YORK
against

DEFENDANT(S):DENNIS J MCGOWAN DOB:01/06/1937 (69)

7 MILFORD LA APT 7100

SUFFERN, NY 10901

PTL RICHARD L MARSH, Shield 143, being duly sworn, deposes and says that he is a member of the Suffern Police Department, County of ROCKLAND, New York and that on the  2 day of February, 2006, at about 1:44PM at 7 MILFORD LN SUFFERN in the County of ROCKLAND, New York.

RESISTING ARREST (CLASS A MISDEMEANOR)

THE DEFENDANT(S) VIOLATE SECTION 205.30 OF THE PENAL LAW OF THE PENAL LAW OF THE STATE OF NEW YORK, IN THAT AT THE TIME AND PLACE AFORESAID, THE SAID DEFENDANT(S) DID INTENTIONALLY PREVENT OR ATTEMPT TO PREVENT A POLICE OFFICER OR A PEACE OFFICER FROM EFFECTING AN AUTHORIZED ARREST OF HIMSELF OR ANOTHER PERSON, TO WIT; ON THE ABOVE DATE TIME AND PLACE AFTER THE DEFENDANT WAS ADVISED HE WAS UNDER ARREST, THE ABOVE DEFENDANT DID INTENTIONALLY RESIST ARREST BY TELLING THIS OFFICER TO GET THE FUCK OFF ME, THEN RIPPED HIS ARM OUT OF MY HANDS.WHEN THIS OFFICER TRIED TO GRAB HIS ARM TO PLACE HIM UNDER ARREST HE STARTED PULLING AWAY AGAIN AND WAS ADVISED TO STOP RESISTING.

Supporting Deposition of PO R MARSH annexed hereto and made a part hereof.

Any false statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law.

Dated: _02-02-06_____          Signed:_____











