UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DENNIS J. MCGOWAN,                                    Docket No.: 08 Civ. 5986
                                                                                 (WCC)

                      Plaintiff,                            **ANSWER**

     -against-


VILLAGE OF SUFFERN, CLARKE OSBORNE, Chief of
the Village of Suffern Police Department, SGT. JOHN M.
BONKOSKI, SGT. DAVID TARANTINO, P.O. JOHN J.
MCGEE, P.O. CRAIG E. YUSTEIN, and P.O. RICHARD
L. MARSH,


                      Defendants.
------------------------------------------------------------------------x

       Defendants, VILLAGE OF SUFFERN, POLICE CHIEF CLARKE OSBORNE, SGT. JOHN M. BONKOWSKI s/h/a JOHN M. BONKOSKI, SGT. DAVID TARANTINO, P.O. JOHN J. MCGEE, P.O. CRAIG E. YUSTEIN, and P.O. RICHARD L. MARSH, by their attorneys MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, answering the plaintiff's complaint:

## **Preliminary Statement**

1. Deny the allegations contained in paragraph "1" of the complaint, and refer all questions of law to the Court for adjudication.

2. Deny the allegations contained in paragraph "2" of the complaint, and refer all questions of law to the Court for adjudication.

## **Jurisdiction**

3. Deny the allegations contained in paragraph "3" of the complaint, and refer all questions of law to the Court for adjudication.

4. Deny the allegations contained in paragraph "4" of the complaint, except admit that the defendant Village is within the boundaries of this judicial district and refer all questions of law to the Court for adjudication.

## Parties

5. Deny knowledge or information sufficient to form a belief as to the allegations as to plaintiff's residency, and admit that the defendant Village is a municipal corporation under the laws of the State of New York, as alleged in paragraph "5" of the complaint.

6. Deny the allegations contained in paragraph "6" of the complaint, except admit that the Village has its own Police Department, the Village of Suffern Police Department, and respectfully refer all questions of law to the court for adjudication.

7. Deny the allegations contained in paragraph "7" of the complaint, except admit that the individual defendants were members of the Village of Suffern Police Department and acted appropriately at all relevant times.

8. Deny the allegations contained in paragraph "8" of the complaint, except admit that individual defendant Osborne was and is the Chief of Police for the Village of Suffern Police Department and acted appropriately at all relevant times.

9. Deny the allegations contained in paragraph "9" of the complaint.

## Notice of Claim

10. Deny the allegations contained in paragraph "10" of the complaint, except admit that plaintiff filed a Notice of Claim with the defendant Village.

11. Admit the allegations contained in paragraph "11" of the complaint.

**Factual Allegations**

12. Deny the allegations contained in paragraph "12" of the complaint, except admit that defendants Marsh and McGee responded to a domestic incident report at 32 Bon Aire Circle, Suffern, NY, on January 29, 2006, at approximately 11:30 p.m.

13. Deny the allegations contained in paragraph "13" of the complaint, except admit that plaintiff came to the police station on February 2, 2006 on a harassment charge and surrendered a .38 caliber revolver.

14. Deny the allegations contained in paragraph "14" of the complaint, except admit that plaintiff came to the police station on February 2, 2006 on a harassment charge, surrendered a .38 caliber revolver, and appeared before the Village Justice.

15. Deny the allegations contained in paragraph "15" of the complaint, except admit that Jones signed a supporting deposition on February 2, 2006 attesting to plaintiff's possession of a Walther PPK pistol which he maintained in a closet near his dining room, and respectfully refer the court to the document referred to therein for the contents thereof.

16. Deny the allegations contained in paragraph "16" of the complaint, except admit that the parties filled out paperwork regarding plaintiff's appearance on the harassment charge and surrender of a .38 caliber revolver.

17. Deny the allegations contained in paragraph "17" of the complaint, except admit that defendant Bonkowski asked plaintiff where his second gun was and asked for permission to search for the weapon.

18. Deny the allegations contained in paragraph "18" of the complaint.

19. Deny the allegations contained in paragraph "19" of the complaint.

20. Deny the allegations contained in paragraph "20" of the complaint.

21. Deny the allegations contained in paragraph "21" of the complaint, except admit that defendant Tarantino telephoned plaintiff to see whether he would consent to a voluntary search of his apartment.

22. Deny the allegations contained in paragraph "22" of the complaint, except admit that plaintiff agreed to a search of his apartment and that defendants Bonkowski and Marsh responded accordingly.

23. Deny the allegations contained in paragraph "23" of the complaint, except admit that plaintiff was arrested for criminal possession of a weapon in the fourth degree and resisting arrest.

24. Deny the allegations contained in paragraph "24" of the complaint.

25. Deny the allegations contained in paragraph "25" of the complaint.

26. Deny the allegations contained in paragraph "26" of the complaint, except admit that plaintiff was transported to Good Samaritan Hospital.

27. Deny the allegations contained in paragraph "27" of the complaint.

28. Deny the allegations contained in paragraph "28" of the complaint.

29. Deny the allegations contained in paragraph "29" of the complaint, except admit that plaintiff was arrested for criminal possession of a weapon in the fourth degree and resisting arrest.

30. Deny the allegations contained in paragraph "30" of the complaint.

31. Deny the allegations contained in paragraph "31" of the complaint.

32. Deny the allegations contained in paragraph "32" of the complaint.

33. Deny the allegations contained in paragraph "33" of the complaint.

34. Deny the allegations contained in paragraph "34" of the complaint, and respectfully refer the Court to the documents referred to therein for the contents thereof.

35. Deny the allegations contained in paragraph "35" of the complaint, and respectfully refer the Court to the documents referred to therein for the contents thereof.

36. Deny the allegations contained in paragraph "36" of the complaint, except admit that plaintiff was arraigned on the criminal charges.

37. Deny the allegations contained in paragraph "37" of the complaint.

38. Deny the allegations contained in paragraph "38" of the complaint.

39. Deny the allegations contained in paragraph "39" of the complaint.

40. Deny the allegations contained in paragraph "40" of the complaint.

41. Deny the allegations contained in paragraph "41" of the complaint, except admit that plaintiff had to appear in court in connection with the criminal charges.

42. Deny the allegations contained in paragraph "42" of the complaint.

43. Deny the allegations contained in paragraph "43" of the complaint.

44. Deny the allegations contained in paragraph "44" of the complaint.

45. Deny the allegations contained in paragraph "45" of the complaint.

**As And For a Response to The First Count**

46. Defendants repeat and reallege each and every denial set forth in ¶¶ "1" through "45" of this Answer as if more fully set forth at length herein.

47. Deny the allegations contained in paragraph "47" of the complaint.

48. Deny the allegations contained in paragraph "48" of the complaint.

**As And For a Response to The Sixth Count**

49. Defendants repeat and reallege each and every denial set forth in ¶¶ "1" through "48" of this Answer as if more fully set forth at length herein.[1]

50. Deny the allegations contained in paragraph "66" of the complaint.

51. Deny the allegations contained in paragraph "67" of the complaint.

52. Deny the allegations contained in paragraph "68" of the complaint.

53. Deny the allegations contained in paragraph "69" of the complaint.

54. Deny the allegations contained in paragraph "70" of the complaint.

55. Deny the allegations contained in paragraph "71" of the complaint.

56. Deny the allegations contained in paragraph "72" of the complaint.

57. Deny the allegations contained in paragraph "73" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:**

58. Plaintiff has failed to state a cause of action upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:**

59. Plaintiff's arrest was justified and supported by probable cause.

---

[1] Plaintiff has previously discontinued the causes of action set forth in ¶¶ 49-64 of the Complaint. Accordingly, no response is required to said paragraphs.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:**

60. Plaintiff's arrest and detention by defendants was lawful, privileged, and authorized by New York State law.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:**

61. If defendants used any physical force alleged in the complaint, this force was justified, reasonable and necessary under the circumstance to prevent plaintiff from inflicting physical injury upon defendants and/or to protect others from the assaultive, dangerous, and physical force threatened to be used by plaintiff and/or actually used by plaintiff.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:**

62. The individual defendants are immune from suit under the doctrine of qualified and/or absolute immunity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:**

63. At all times relevant to the complaint, the defendants acted in good faith and in accordance with the laws of the State of New York and the United States Constitution.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:**

64. No policy, practice, or procedure of the Village of Suffern Police Department deprived plaintiff of any constitutional rights.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:**

65. This Court lacks personal jurisdiction over one or more of the individual defendants in that they have not been properly served with process.

**WHEREFORE**, defendants demand judgment: 1) dismissing the Complaint in its entirety, with prejudice; 2) awarding defendants the costs of this action, including reasonable

attorneys' fees; and 3) ordering such other and further relief that this Court deems just and equitable.

Dated: Mineola, New York
      August 7, 2008

                                            **MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP**

                                            _____
                                            ADAM I. KLEINBERG (AK-0468)
                                            Attorneys for Defendants
                                            240 Mineola Boulevard
                                            Mineola, New York 11501
                                            (516) 741-7676
                                            Our File No.: 07-202

cc:    Michael R. Scolnick, Esq.
        MICHAEL R. SCOLNICK, P.C.
        Attorneys for Plaintiff
        175 Burrows Lane
        Blauvelt, NY 10913
        (845) 354-9339