UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DENNIS J. MCGOWAN,                                    Docket No.: 08 Civ. 5986
                                                                 (WCC)

       Plaintiff,                              **AMENDED**
                                                      **ANSWER**

-against-

VILLAGE OF SUFFERN, CLARKE OSBORNE, Chief of
the Village of Suffern Police Department, SGT. JOHN M.
BONKOSKI, SGT. DAVID TARANTINO, P.O. JOHN J.
MCGEE, P.O. CRAIG E. YUSTEIN, and P.O. RICHARD
L. MARSH,

       Defendants.
------------------------------------------------------------------x

Defendants, VILLAGE OF SUFFERN, POLICE CHIEF CLARKE OSBORNE, SGT. JOHN M. BONKOWSKI s/h/a JOHN M. BONKOSKI, SGT. DAVID TARANTINO, P.O. JOHN J. MCGEE, P.O. CRAIG E. YUSTEIN, and P.O. RICHARD L. MARSH, by their attorneys MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, answering the plaintiff's complaint:

### Preliminary Statement

1. Deny the allegations contained in paragraph "1" of the complaint, and refer all questions of law to the Court for adjudication.

2. Deny the allegations contained in paragraph "2" of the complaint, and refer all questions of law to the Court for adjudication.

1

### Jurisdiction

3. Deny the allegations contained in paragraph "3" of the complaint, and refer all questions of law to the Court for adjudication.

4. Deny the allegations contained in paragraph "4" of the complaint, except admit that the defendant Village is within the boundaries of this judicial district and refer all questions of law to the Court for adjudication.

### Parties

5. Deny knowledge or information sufficient to form a belief as to the allegations as to plaintiff's residency, and admit that the defendant Village is a municipal corporation under the laws of the State of New York, as alleged in paragraph "5" of the complaint.

6. Admit the allegations contained in paragraph "6" of the complaint.

7. Deny the allegations contained in paragraph "7" of the complaint to the extent that all of the defendants are listed as arresting officers, and admit the remaining allegations of the paragraph.

8. Deny the allegations contained in paragraph "8" of the complaint to the extent that it alleges that defendant Osborne had supervisory authority outside of the Village of Suffern Police Department, and admit the remaining allegations of the paragraph as they pertain to the Village of Suffern Police Department.

9. Deny the allegations contained in paragraph "9" of the complaint.

### Notice of Claim

10. Deny the allegations contained in paragraph "10" of the complaint, except admit that plaintiff filed a Notice of Claim with the defendant Village.

11. Admit the allegations contained in paragraph "11" of the complaint.

## Factual Allegations

12. Deny the allegations contained in paragraph "12" of the complaint, except admit that defendants Marsh and McGee responded to a domestic incident report at 32 Bon Aire Circle, Suffern, NY, on January 29, 2006, at approximately 11:30 p.m.

13. Deny the allegations contained in paragraph "13" of the complaint, except admit that plaintiff was called to the police station following a complaint of harassment.

14. Deny the allegations contained in paragraph "14" of the complaint, except admit that plaintiff came to the police station on February 2, 2006 on a harassment charge, surrendered a .38 caliber revolver, and appeared before the Village Justice.

15. Deny the allegations contained in paragraph "15" of the complaint, except admit that defendant Yustein typed an amended supporting deposition which Jones signed that included an allegation that plaintiff possessed a Walther PPK pistol which was allegedly kept in a closet in plaintiff's apartment.

16. Deny knowledge or information to form a belief as to the time frame of the allegations contained in paragraph "16" of the complaint.

17. Deny the allegations contained in paragraph "17" of the complaint, except admit that defendant Bonkowski asked plaintiff regarding his alleged possession of a Walther PPK and asked for permission to search for the weapon.

18. Deny the allegations contained in paragraph "18" of the complaint.

19. Deny the allegations contained in paragraph "19" of the complaint.

20. Deny the allegations contained in paragraph "20" of the complaint.

21. Deny the allegations contained in paragraph "21" of the complaint, except admit that defendant Tarantino telephoned plaintiff and asked for permission to search plaintiff's apartment.

22. Deny the allegations contained in paragraph "22" of the complaint, except admit that plaintiff agreed to a search of his apartment and that defendants Bonkowski and Marsh responded accordingly.

23. Deny the allegations contained in paragraph "23" of the complaint, except admit that plaintiff was arrested.

24. Deny the allegations contained in paragraph "24" of the complaint.

25. Deny the allegations contained in paragraph "25" of the complaint.

26. Deny the allegations contained in paragraph "26" of the complaint, except admit that plaintiff was transported to Good Samaritan Hospital.

27. Deny the allegations contained in paragraph "27" of the complaint.

28. Deny the allegations contained in paragraph "28" of the complaint.

29. Deny the allegations contained in paragraph "29" of the complaint, except admit that plaintiff was arrested for criminal possession of a weapon in the fourth degree and resisting arrest.

30. Deny the allegations contained in paragraph "30" of the complaint.

31. Deny the allegations contained in paragraph "31" of the complaint.

32. Deny the allegations contained in paragraph "32" of the complaint.

33. Deny the allegations contained in paragraph "33" of the complaint.

34. Deny the allegations contained in paragraph "34" of the complaint, and respectfully refer the Court to the documents referred to therein for the contents thereof.

35. Deny the allegations contained in paragraph "35" of the complaint, and respectfully refer the Court to the documents referred to therein for the contents thereof.

36. Deny the allegations contained in paragraph "36" of the complaint, except admit that plaintiff was arraigned on the criminal charges.

37. Deny the allegations contained in paragraph "37" of the complaint.

38. Deny the allegations contained in paragraph "38" of the complaint.

39. Deny the allegations contained in paragraph "39" of the complaint.

40. Deny the allegations contained in paragraph "40" of the complaint.

41. Deny the allegations contained in paragraph "41" of the complaint, except admit that plaintiff had to appear in court in connection with the criminal charges.

42. Deny the allegations contained in paragraph "42" of the complaint.

43. Deny the allegations contained in paragraph "43" of the complaint.

44. Deny the allegations contained in paragraph "44" of the complaint.

45. Deny the allegations contained in paragraph "45" of the complaint.

## As And For a Response to The First Count

46. Defendants repeat and reallege each and every denial set forth in ¶¶ "1" through "45" of this Answer as if more fully set forth at length herein.

47. Deny the allegations contained in paragraph "47" of the complaint.

48. Deny the allegations contained in paragraph "48" of the complaint.

### As And For a Response to The Second Count

49. Defendants repeat and reallege each and every denial set forth in ¶¶ "1" through "48" of this Answer as if more fully set forth at length herein.

50. Deny the allegations contained in paragraph "50" of the complaint.

51. Deny the allegations contained in paragraph "51" of the complaint.

### As And For a Response to The Third Count

52. Defendants repeat and reallege each and every denial set forth in ¶¶ "1" through "51" of this Answer as if more fully set forth at length herein.

53. Deny the allegations contained in paragraph "53" of the complaint.

54. Deny the allegations contained in paragraph "54" of the complaint.

### As And For a Response to The Fourth Count

55. Defendants repeat and reallege each and every denial set forth in ¶¶ "1" through "54" of this Answer as if more fully set forth at length herein.

56. Deny the allegations contained in paragraph "56" of the complaint.

57. Deny the allegations contained in paragraph "57" of the complaint.

### As And For a Response to The Fifth Count

58. Defendants repeat and reallege each and every denial set forth in ¶¶ "1" through "57" of this Answer as if more fully set forth at length herein.

59. Deny the allegations contained in paragraph "59" of the complaint.

60. Deny the allegations contained in paragraph "60" of the complaint.

### As And For a Response to The Sixth Count

61. Defendants repeat and reallege each and every denial set forth in ¶¶ "1" through "60" of this Answer as if more fully set forth at length herein.

62. Deny the allegations contained in paragraph "62" of the complaint.

63. Deny the allegations contained in paragraph "63" of the complaint.

64. Deny the allegations contained in paragraph "64" of the complaint.

### As And For a Response to The Sixth Count

65. Defendants repeat and reallege each and every denial set forth in ¶¶ "1" through "64" of this Answer as if more fully set forth at length herein.

66. Deny the allegations contained in paragraph "66" of the complaint.

67. Deny the allegations contained in paragraph "67" of the complaint.

68. Deny the allegations contained in paragraph "68" of the complaint.

69. Deny the allegations contained in paragraph "69" of the complaint.

70. Deny the allegations contained in paragraph "70" of the complaint.

71. Deny the allegations contained in paragraph "71" of the complaint.

72. Deny the allegations contained in paragraph "72" of the complaint.

73. Deny the allegations contained in paragraph "73" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:

74. Plaintiff has failed to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:

75. Plaintiff's arrest was justified and supported by probable cause.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:**

76. Plaintiff's arrest and detention by defendants was lawful, privileged, and authorized by New York State law.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:**

77. If defendants used any physical force alleged in the complaint, this force was justified, reasonable and necessary under the circumstance to prevent plaintiff from inflicting physical injury upon defendants and/or to protect others from the assaultive, dangerous, and physical force threatened to be used by plaintiff and/or actually used by plaintiff.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:**

78. The individual defendants are immune from suit under the doctrine of qualified and/or absolute immunity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:**

79. At all times relevant to the complaint, the defendants acted in good faith and in accordance with the laws of the State of New York and the United States Constitution.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:**

80. No policy, practice, or procedure of the Village of Suffern Police Department deprived plaintiff of any constitutional rights.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE:**

81. This Court lacks personal jurisdiction over one or more of the individual defendants in that they have not been properly served with process.

**WHEREFORE**, defendants demand judgment: 1) dismissing the Complaint in its entirety, with prejudice; 2) awarding defendants the costs of this action, including reasonable

attorneys' fees; and 3) ordering such other and further relief that this Court deems just and equitable.

Dated: Mineola, New York
       August 28, 2008

                                                   MIRANDA SOKOLOFF SAMBURSKY
                                                   SLONE VERVENIOTIS LLP

                                                   _____
                                                   ADAM I. KLEINBERG (AK-0468)
                                                   Attorneys for Defendants
                                                   240 Mineola Boulevard
                                                   Mineola, New York 11501
                                                   (516) 741-7676
                                                   Our File No.: 07-202

cc:     Michael R. Scolnick, Esq.
         MICHAEL R. SCOLNICK, P.C.
         Attorneys for Plaintiff
         175 Burrows Lane
         Blauvelt, NY 10913
         (845) 354-9339

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

DENNIS J. MCGOWAN,　　　　　　　　　　　　　　Docket No.: 08 Civ. 5986
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(WCC)
　　　　　　　　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　　　　　　**AFFIDAVIT OF SERVICE**
　　-against-

VILLAGE OF SUFFERN, CLARKE OSBORNE, Chief of the
Village of Suffern Police Department, SGT. JOHN M.
BONKOSKI, SGT. DAVID TARANTINO, P.O. JOHN J.
MCGEE, P.O. CRAIG E. YUSTEIN, and P.O. RICHARD L.
MARSH,

　　　　　　　　　　Defendants.
------------------------------------------------------------------x
STATE OF NEW YORK　　　　)
　　　　　　　　　　　　　　) s.s.:
COUNTY OF NASSAU　　　　　)

　　　**Monique Abrams,** being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in **Queens, New York.**

　　　That on September 3, 2008, deponent served the within **Amended Answer** upon:

Michael R. Scolnick, Esq.
MICHAEL R. SCOLNICK, P.C.
Attorneys for Plaintiff
175 Burrows Lane
Blauvelt, NY 10913
(845) 354-9339

the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Monique Abrams

Subscribed and sworn to before me
this 3rd day of September, 2008

_____
NOTARY PUBLIC

　　　　　　　　　　**ADAM I. KLEINBERG**
　　　　　　　　**Notary Public, State of New York**
　　　　　　　　　　　　**No. 6075219**
　　　　　　　　**Qualified in Suffolk County**
　　　　　　　**Commission Expires June 3, 2010**